## (December 10, 1974)

■ In the Matter of JOHN W. JENNINGS, an Attorney, Respondent. NEW YORK STATE BAR ASSOCIATION, Petitioner.— Respondent was admitted to the Bar by this court on June 13, 1962. Petitioner moves to confirm in part and to disaffirm in part the report of the referee to whom the issues were referred. Respondent cross-moves to confirm the findings favorable to him and to disaffirm those which are unfavorable. The referee found that respondent neglected a personal injury claim of his client (Charge I), misled her as to the status of her claim (Charge II), and failed to co-operate with petitioner's Committee on Grievances in its investigation of the matter (Charge III). These findings are supported by the evidence and should be confirmed. The referee also found that as the result of respondent's failure to forward a summons served on his client to his client's insurance carrier, his client was threatened with a disclaimer of all coverage by the carrier (Charge IV). We find, however, that this does not constitute professional misconduct since it is not clear from the evidence that respondent did, in fact, receive the summons from his client and, in any event, it is undisputed that approximately two weeks after the threatened disclaimer, the claims against his client were settled by payment by the carrier. In addition, we refuse to find that respondent's failure to commence a negligence action on behalf of Philip I. Thompson prior to the expiration of the Statute of Limitations (Charge V) constitutes professional misconduct, since it is clear that within nine months from the date the claim accrued, respondent referred Mr. Thompson to another attorney, after which Mr. Thompson no longer considered respondent to be his attorney. However, the evidence does support the finding that respondent failed to co-operate in the investigation of the two preceding charges (Charge VI), and this finding should be confirmed. The petitioner does not contest the referee's refusal to sustain the charge that respondent converted a number of United States savings bonds belonging to a client (Charge VII). However, the referee did find that respondent gave confusing testimony at a preliminary hearing before the Grievance Committee concerning his possession of the bonds (Charge VIII). Inasmuch as respondent's testimony concerned events which took place approximately nine years before, we find that his testimony, under the circumstances of this case, was not intentionally evasive and cannot fairly be said to constitute professional misconduct. With respect to the King matter, the referee found that

after respondent had agreed to represent the King estate, he neglected it in failing to record a deed and mortgage on the sale of estate property and in failing to establish an escrow account for taxes as he had agreed to do (Charge IX); that he gave conflicting testimony at preliminary hearings concerning money he had received from the purchaser as agent for the seller (Charge XI); and that he failed to co-operate with the Committee on Grievances in its investigation of the matter (Charge XII). The referee, however, refused to sustain a charge of conversion (Charge X), but did find that respondent failed to render an account and to maintain adequate records of the moneys which he had received. We have concluded that the referee's findings as to these charges are supported by the evidence and should be confirmed. In mitigation, it appears that the majority of respondent's misconduct took place during a period when he was beset by family misfortunes, including the untimely deaths of his daughters' husbands, the death of his mother and the illness of his wife. Although we cannot condone respondent's misconduct, upon consideration of the extenuating circumstances, his good reputation and his otherwise satisfactory record as an attorney, we have determined that the ends of justice will be adequately served by a censure. Respondent censured. Herlihy, P. J., Staley, Jr., Sweeney, Kane and Main, JJ., concur.